```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNIVERSAL GUARANTY LIFE INSURANCE COMPANY,

                        Plaintiff,            11-CV-6283

          v.
                                            ORDER GRANTING
                                            DEFAULT JUDGMENT
LINDA G. GILLIM, JONATHAN D. GILLIM,
ANNE M. HUNTOON, LISA G. GILLIM, AND
JOHN DOE, as personal representative
for the estate of Roy D. Gillim

                        Defendants.
_____
```

Plaintiff, Universal Guaranty Life Insurance Company ("Plaintiff"), filed the instant statutory interpleader action against the Defendants, Linda G. Gillim, Jonathan D. Gillim, Anne M. Huntoon, Lisa G. Gillim (collectively, the "Gillim Defendants") and John Doe, as personal representative for the estate of Roy D. Gillim, seeking to settle potential competing claims to the proceeds from a life insurance policy on the life of Roy D. Gillim. (Compl. at ¶1). Defendant Linda G. Gillim is the decedent's former spouse to whom ownership of the policy was transferred on February 11, 1991, prior to their divorce. Defendants Jonathan D. Gillim, Anne M. Huntoon and Lisa G. Gillim are the decedent's and Defendant Linda G. Gillim's children.

Linda G. Gillim answered the Complaint on July 5, 2011, stating that there were no competing claims, as she was the sole owner and beneficiary of the policy as of February 18, 1991.

(Docket No. 4.) Jonathan D. Gillim, Anne M. Huntoon and Lisa G. Gillim appeared through their attorney and each filed a "Consent to Entry of Judgment" affidavit on July 12, 2011, waiving any interest each may have had in the proceeds to the life insurance policy. (Docket No. 5.)

On July 25, 2011, this Court issued an Order directing service on Defendant John Doe by publication, and directing the Plaintiff to deposit the proceeds of the life insurance policy, plus interest, with the Court. (Docket No. 9.) Plaintiff then deposited $308,665.38 with the Court and filed proofs of service by publication. (Docket Nos. 11-13.)

Thereafter, on October 21, 2011, the Gillim Defendants requested an Entry of Default against Defendant John Doe, as no party claiming any interest in the policy as a representative of Roy D. Gillim's estate had appeared in this action after service by publication was complete and the time to file a claim had passed. (Docket No. 16.) An Entry of Default was filed by the Clerk of the Court on October 24, 2011.  The Gillim Defendants then filed the instant Motion for Default Judgment against John Doe, requesting additionally that the funds deposited by the Plaintiff be transferred to Defendant Linda G. Gillim - as the only claimant to the funds.  No response was filed by the Plaintiff or the John Doe defendant to the instant motion.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, district courts may grant default judgment against a party for the failure to plead or otherwise defend an action. See Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first obtain an Entry of Default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). If the "plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be certain," the moving party can seek a default judgment from the Clerk of the Court. In all other situations, the plaintiff must seek a default judgment from the Court. See Fed. R. Civ. P. 55(b).  Having satisfied the Requirements of Rule 55(a), the Gillim Defendants now seek a Default Judgment pursuant to Rule 55(b) against John Doe.

Whereas, the Defendant, John Doe, as representative to the estate of Roy D. Gillim, has not appeared in this action; and

Whereas, the parties have diligently attempted to locate any such individual and have notified all persons known to have any potential interest in the estate of Roy D. Gillim or the proceeds of the life insurance policy at issue; and

Whereas, the Defendants, Jonathan D. Gillim, Anne M. Huntoon and Lisa G. Gillim have waived any and all claims to the proceeds of the life insurance policy; and

Whereas, no other claimant or potential claimant has been identified and neither the Plaintiff nor any Defendant has objected

to the payment of the funds now deposited with the Court to Defendant Linda G. Gilliam, as the sole owner and beneficiary of the life insurance policy issued by Plaintiff on the life of Roy D. Gillim; it is hereby,

**ORDERED**, that the Gillim Defendants' motion is granted in its entirety and that judgment be entered against the unknown John Doe defendant, identified only as the representative of the estate of Roy D. Gillim; and it is

**FURTHER ORDERED**, that the Clerk of the Court pay the Defendant, Linda G. Gillim, the amount deposited with the Court by the Plaintiff, $308,665.38; and it is

**FURTHER ORDERED**, that, the Court having determined that there are no competing claims to the life insurance proceeds deposited with the Court, this action is now hereby dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/ Michael A. Telesca
                                                MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            December 15, 2011